Dear Chief Collins:
This office is in receipt of your request for an opinion of the Attorney General in regard to your use of a police vehicle as the elected Chief of Police. You indicate problems are arising with the City Council concerning police vehicles used on patrol for the Town. As Chief of Police with control of the police vehicles, you ask if this would permit the following:
 1) Passengers in your police car, such as your wife on occasions, and other citizens in general; and
 2) Could the Town be held responsible in case of an accident when the car is fully insured and you are the sole driver.
There is a long line of opinions by this office that recognizes that the chief of police has inherent authority to control city police vehicles and may assign a vehicle to himself for around the clock use concurrent with his twenty-four hour duty, but it has further found the vehicle may not be used as a personal car unless the personal use has been authorized by the mayor and board of aldermen. Because of their power to control and manage municipal property, they may request that the village car be used only when conducting business relative to the police department. Atty. Gen. Op. Nos, 96-292, 95-275, 82-1165, 80-1280.
However, this office has concluded while use of public property for purely private purpose is not permitted, if use of the vehicle is for a public purpose there is no prohibition against a family member traveling with the official in the public vehicle. The determination that the travel is for a public purpose is subject to review and any doubts must resolved to protect the taxpayers against unauthorized use. Atty. Gen. Op. No. 89-369.
In regard to your second question about the possibility of the Town being responsible in case of an accident, we cannot answer this definitively since liability depends on the circumstances. However, in regard to your statement that the vehicle is "fully insured", we feel it should be noted that there could be situations where severe damages could exceed policy limits.
Also, we feel you should recognize that there could be situations where the Town could be held responsible for torts of its officers. In Lamkin v. Brooks, 498 So.2d 1068 (La. 1987) the Louisiana Supreme Court observed that the question presented is whether the officer was acting within the course and scope of his employment at the time of his wrongful act in order to determine if the town can be held vicariously liable under the theory of respondeat superior. However, as observed by this office in Atty. Gen. Op. No. 94-217, the question of municipal liability is fact-sensitive and, as such, cannot be answered specifically.
We hope this is a sufficient response to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR